IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40997
Summary Calendar

_____

DEBRA DILLARD; ALFREDA BLAKE,

Plaintiffs-Appellees,

versus

CITY OF SULPHUR SPRINGS; ET AL.,

Defendants,

JOHNNY P. MOSELEY, Sulphur Springs Police Officer;
DAVID GILMORE, Sulphur Springs Police Officer;
LEONARD STOUT, Sulphur Springs Police Officer,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:98-CV-364

_____

March 29, 2000

Before GARWOOD, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM[*]:

Defendants police officers Johnny P. Moseley, David Gilmore,
and Leonard Stout appeal the district court's denial of their
motion for summary judgment based on qualified immunity.  They
argue that they reasonably believed the five-dollar bill used by
plaintiffs Debra Dillard and Alfreda Blake-which was in fact a

[*]Pursuant to 5th CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

genuine and valid five dollar Federal Reserve Note issued in 1953—was counterfeit because it was unusual in appearance, the serial number was written in red ink, the paper was not consistent with other currency, and the store clerk's counterfeit detector pen (no evidence was presented as to the nature or reliability of such a pen) made a mark on the bill indicating that it was counterfeit. In their appeal, appellants do not challenge the district court's determination that the evidence created a genuine issue of fact as to whether (or established that) plaintiffs were arrested by appellants without either a warrant or probable cause.

Dillard and Blake submitted an affidavit of a criminal justice expert, John W. Watson, stating that "no properly trained officer could have believed that the $5 bill was counterfeit." Appellants presented no contrary evidence, expert or otherwise, in this respect (and it is not common knowledge or judicially known that the matters referenced by appellants are indicia of likely counterfitting). On the basis of the present scanty record we cannot say that the district court erred in holding that the summary judgment record reflects a genuinely disputed issue of fact concerning whether a reasonable police officer could have reasonably concluded that there was probable cause to arrest.[1] Therefore, the district court's denial of the motion for summary judgment based on qualified immunity filed by

---

[1]We express no opinion as to whether or not, on a more fully developed record, appellants or any of them would be entitled to judgment as a matter of law on the issue of qualified immunity.

Moseley, Gilmore, and Stout is

AFFIRMED.